FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30121 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-00115-JWS-1 |
| v. | |
| GLENN E. LOCKWOOD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted July 26, 2010
Anchorage, Alaska

Before: SCHROEDER, O'SCANNLAIN and CLIFTON, Circuit Judges.

Glenn Lockwood was convicted of four counts of tax evasion in violation of

26 U.S.C. § 7201. The district court judge sentenced Lockwood to sixty months of

imprisonment and three years of supervised release. Lockwood timely appeals his

conviction and his sentence.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

## I

Lockwood argues that there was insufficient evidence to support his convictions for tax evasion because, in his view, the government did not prove a tax due and owing, which is an element of tax evasion under 26 U.S.C. § 7201, for any of the years with respect to which he was convicted.  To establish a tax due and owing in this case, the government had to prove that Lockwood's corporation had earnings and profits.  *See Boulware v. United States*, 552 U.S. 421, 424-25 (2008).  Here, there was sufficient evidence from which a rational trier of fact could conclude the existence of earnings and profits in each year with respect to which Lockwood was convicted of tax evasion because the government's expert witness testified to her computations of the taxable income of Lockwood's corporation and to her related conclusion that the corporation had earnings and profits for each of the relevant years.  *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

## II

Lockwood also argues that the district court improperly calculated the tax loss underlying his sentence.  He first asserts that there was no tax loss.  But the district court did not clearly err in crediting the testimony of the government's expert, who testified that there was tax loss, as opposed to the defendant's expert,

who testified to the contrary view. *See United States v. Delgado*, 357 F.3d 1061, 1068 (9th Cir. 2004).

## III

Lockwood next asserts that the corporation's unfulfilled tax obligations from 2003 to 2007 were not "relevant conduct" for sentencing, and thus should not have been included in the tax loss, because a corporation is distinct from its owners and because the charged conduct occurred before 2003 to 2007. Inclusion of the corporation's tax obligations was proper, however, because Lockwood "willfully caused" the corporation's deficiency as part of his attempt to avoid detection and as part of his "common scheme" of diverting corporate income for personal use. *See* U.S.S.G. § 1B1.3(a)(1)-(2). As the sole shareholder and CEO of the corporation, Lockwood was responsible for its tax obligations. Lockwood also argues that, even if the corporation's tax obligations should have been included, they should not have been calculated based on gross deposits. But a more accurate determination could not have been made in light of Lockwood's refusal to provide financial information about the corporation to the court. *See* U.S.S.G. § 2T1.1(c)(2)(A).

## IV

Finally, Lockwood asserts that he should have been allowed to reduce tax loss by claiming deductions for the years in which he did not file tax returns. This argument is foreclosed by *United States v. Yip*, 592 F.3d 1035, 1040-41 (9th Cir. 2010).

## V

For these reasons, the judgment of the district court is **AFFIRMED.**